[Crim. No. 2440. Third Dist. Aug. 10, 1953.]

THE PEOPLE, Respondent, v. THOMAS TULLOUS, Appellant.

Albert L. Wagner for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—On the afternoon of August 29, 1952, between the hours of 3:00 and 3:30 p.m., a man entered the Western Café located at 2001 K Street in Sacramento. After

entering the café he brandished a .22 caliber revolver and stated to the bartender, a Mr. Rossi, ''This is a holdup and give me all of the cash you have and put it in a sack,'' or words to that effect. The bartender started sacking the money, and upon one of the patrons in the place stating to the man that he must be joking, the would be robber fired a shot over the patron's head into the wall above the back bar. The proprietor of the café and one or two of the patrons became frightened and ran from the barroom, and the would-be robber apparently became frightened also and fled from the café without obtaining any money. He went to a 1942 Plymouth green coupé parked near the side door of the café and drove away from the scene of the attempted robbery. Later in the afternoon defendant appeared at police headquarters and inquired if he was being sought. He was arrested and placed in several lineups from which a number of persons identified him as the would-be robber.

On September 25, 1952, information was filed charging the defendant with the crimes of attempted robbery and violation of the Dangerous Weapons Control Law. He entered pleas of not guilty and was tried by the court sitting without a jury, a jury having been waived, and was found guilty on both counts. Defendant made a motion for a new trial which was denied.

At the trial, four witnesses identified defendant as the man who entered the café and attempted the robbery, and also testified that they had so identified defendant from police lineups. There is some variation in the testimony of the identifying witnesses as to what defendant was wearing at the time of the attempted robbery, and as to the exact time during which the robbery was attempted. All of the witnesses positively identified the defendant. It was also testified to that the car used by the defendant during the attempted robbery and seen by several witnesses had been borrowed by defendant from a local used car lot about the time of the attempted robbery, and returned by him thereafter.

The defendant testified that he had arrived by bus from Tacoma, Washington, around 1:30 p.m. in the afternoon of August 29, 1952, and had called his mother to tell her that he was in town. He stated that his mother had informed him that police officers had just been at her home looking for defendant in connection with the attempted robbery, and that upon receiving this word from his mother he went to the police station and inquired if he was being sought.

Defendant has appealed from the judgment of conviction and from the order denying his motion for a new trial, and the sole ground urged by him for a reversal of the judgment and order is that the evidence is insufficient to support a finding that he was the man who committed the crimes charged. He argues that there were discrepancies in the testimony of the various witnesses and that they did not sufficiently identify him as the man who committed the offenses charged. Practically the entire brief of appellant is devoted to an argument as to the facts and conclusions that should be drawn therefrom. Respondent in reply asserts that the evidence upon the issue of identity is sufficient to support the judgment.

An appellate court, in reviewing evidence, must presume that the evidence in support of the judgment is true and will resolve every substantial conflict in support of the judgment. (4 Cal.Jur.2d, Appeal and Error, § 575.)

The weight of evidence is for the jury or trial court to determine, and where, as in the instant case, four eyewitnesses testified positively that appellant was the man who entered the café, brandished a gun and left in the green coupé, there is no reasonable basis for appellant's argument that the evidence is insufficient to support the judgment. Even granting that there were discrepancies in the testimony of the various witnesses as to details relating to identity, the evidence must be considered sufficient to establish that appellant was guilty of the offenses charged. It was for the trial judge who heard the testimony and observed the witnesses to believe or discredit the testimony of the witnesses, and the trial judge must have believed the People's witnesses when he rendered the verdict of guilty.

As this court said in the recent case of *People* v. *Carter*, 116 Cal.App.2d 533, at page 540 [253 P.2d 1016] :

"However, as pointed out by respondent, identification is a matter for jury determination, and the record shows that the identification of appellant by both Lane and Perez at the trial was without qualification. Any want of positiveness would go only to the weight of the testimony and the question was one for the jury to determine."

Also, in *People* v. *Harris*, 87 Cal.App.2d 818, the court said at page 823 [198 P.2d 60] :

"It is not required that one accused of crime be identified to an absolute certainty or positively or in a manner free from inconsistencies. If the testimony of the identifying witnesses is worthy of credence and convinces the jury, the latter's find-

ing is final unless the trial judge should with his intimate knowledge of the witness' behavior upset the verdict. [Citing cases.] It is not essential that the witness be free from doubt as to one's identity. He may testify that in his belief, opinion or judgment the accused is the person who perpetrated the crime. The want of positiveness goes only to the weight of the testimony. [Citing cases.]''

See, also, *People* v. *Coley,* 61 Cal.App.2d 810 [143 P.2d 755].

Judgment and order are affirmed.

Van Dyke, P. J., and Peek, J., concurred.